IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

STEPHEN PULLENS,

                    Petitioner,

          vs.

ROB JEFFREYS,

                    Respondent.

**4:26CV3026**

**MEMORANDUM AND ORDER**

Before the Court is Petitioner's motion seeking the appointment of counsel. Filing No. 4. Petitioner argues that appointment of counsel is appropriate due to a "number of irregularities representing an attempt to cover up the misconduct/malicious prosecution in this case," multiple delays during his postconviction proceedings, attorney misconduct, and as his case is legally complex and he has no legal training. *Id.* (capitalizations corrected).

"[T]here is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment] is committed to the discretion of the trial court." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997). As a general rule, counsel will not be appointed unless the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required. *See, e.g.*, *Morris v. Dormire*, 217 F.3d 556, 558–59 (8th Cir. 2000), cert. denied, 531 U.S. 984 (2000); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994). *See also* Rule 8(c) of the *Rules Governing Section 2254 Cases in the United States District Courts* (requiring appointment of counsel if an evidentiary hearing is warranted).

The Court has carefully reviewed the record and finds there is no need for the appointment of counsel currently.  The Court has yet to perform its initial review of the Petition in accordance with Rule 4 of the Rules Governing Section 2254 cases and Respondent has not yet prepared a response as the case has not been progressed.  Therefore, this Court has not yet fully assessed the arguments at issue to determine if counsel is potentially warranted.

IT IS THEREFORE ORDERED THAT: Petitioner's Motion to Appoint Counsel, Filing No. 4, is denied without prejudice to reassertion.  The next step in this case is for the Court to conduct a preliminary review of the habeas corpus petition in accordance with Rule 4 of the Rules Governing Section 2254 cases.  The Court will conduct this review in its normal course of business.

Dated this 27th day of March, 2026.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Court